Mr. Bobby Norman, Director Commission on Law Enforcement Standards P. O. Box 3106 East Camden, Arkansas 71701
Dear Mr. Norman:
This Office has received your request for an opinion on the following questions:
 1. Does this Commission have responsibilities and/or authority over the hiring, firing, promotion, or assignments of personnel employed by this agency?
 2. Does this Commission have responsibilities and/or authority over monies budgeted for use by this agency, as they are used for the operations of this agency?
The answer to question one is the Commission does not have the responsibility and/or authority over the hiring, firing, promotion, or assignments of personnel employed by either the Arkansas Law Enforcement Training Academy or by the Office on Minimum Standards. Regulation 1021 of the Executive Commission on Law Enforcement Standards and Training prescribes the following duties and authority of the Director of the Law Enforcement Standards and Training Commission:
 (1)(a) The Director shall be a person qualified for the position, appointed by the Governor pursuant to the provisions of Act 452 of 1975 and Act 45 of 1981.
 (2)(a) He shall perform his duties under the direction of the Commission and its committees, and he or his designee shall serve as secretary to the Commission and its committees.
 (b) He shall be responsible to the Commission for conducting the Commission's daily activities, its office facilities and general administrative tasks.
 (3)(a) He shall have authority over, and responsibility for all employees of the Commission. (b) As the authorized representative of the Commission and subject to its ratification, he is empowered to delegate to the Deputy Director of Standards his authority to:
 (i) Certify training schools administered by the state, county and municipalities located within the state.
(ii) Certify training courses within the state.
 (iii) Revoke prior certification of a course, school or an instructor which fails to meet the required standards for certification. This action is subject to ratification by the Commission.
 (iv) Certify for the Commission individual law enforcement officers pursuant to Ark. Stat. Ann. 42-1007(e).
Regulation 1021(3)(a) gives the Director of the Commission the responsibility and authority over the hiring, firing, promotion, and assignments of personnel employees by the Commission.
The answer to question two is yes the Commission does have responsibility and/or authority over monies budgeted for use by the Training Academy and Minimum Standards. Ark. Stat. Ann. 42-701.1(g) provides:
 All of the respective powers, functions, duties, property, equipment, personnel, appropriated funds, and fund balances of the Law Enforcement Training Academy division of the Department of Public Safety, and of the Executive Commission on Law Enforcement Standards, are hereby transferred to, and the same shall hereafter be administered by, the Arkansas Commission on Law Enforcement Standards and Training as established in this Act, with all such funds and fund balances to be used for the respective purposes as now provided by law.
Subsection (g) of 42-701.1 gives the Commission the responsibility and/or authority over monies budgeted for use by the Training Academy and Minimum Standards.
In determining the answers to the two questions you have asked, it was necessary to look at the purpose of Act 452 of 1975 and also to the Commission on Law Enforcement Standards and Training's objectives as stated in its rules and regulations manual. Act 452 of 1975 gave the Executive Commission the power to establish reasonable minimum standards for selection and training of law enforcement officers in Arkansas, to certify officers as being qualified by training and education, to examine and evaluate instructors and courses of instruction, and certify extent of qualification respectively. Act 452 did not give the Executive Commission the authority to run the daily operations of Minimum Standards. Regulation 1000 of the Commission on Law Enforcement Standards and Training states the objectives of the Commission. They are:
 (1) To encourage increasing the professional competency of law enforcement officers:
 (a) by establishing minimum standards for employment and promotion including minimum standards of education, physical, emotional, intellectual and moral fitness, and such other matters as relate to the competence and reliability of persons seeking employment or promotion within the public law enforcement service;
 (b) by establishing minimum standards for the training of law enforcement officers;
 (c) by providing, sponsoring or coordinating law enforcement training courses.
 (2) To conduct or stimulate studies and research designed to improve law enforcement administration and law enforcement within the state and assist in the implementation of Commission recommendations.
It is not a stated objective of the Commission to run the day to day operations of the Training Academy or Minimum Standards. That is and has been the job of the Director. Under Ark. Stat. Ann. 42-1006 the Executive Commission had the authority to employ a director and other employees who were necessary to efficiently and effectively carry out the provisions of Act 452 of 1975. Act 452 of 1975 only applied to employees of the Minimum Standards office and did not apply to the director of the Training Academy or its employees. Under Ark. Stat. Ann. 42-701(e) the Governor now appoints the director of Law Enforcement Standards and Training. Section 42-1006 read in conjunction with 42-701(e) now only gives the Commission the authority to hire persons in the Minimum Standards office who fall under the duties and powers stated in Ark. Stat. Ann. 42-1005. The Commission in its above stated objectives does not list the employing of persons in the Minimum Standards as one of its duties. Upon reflection, it is obvious why this is not an objective of the Commission. A group of people who may only meet four times a year and who live in different areas of the state could not effectively and efficiently meet the demand of hiring personnel in the Minimum Standards office. This is why the authority to hire personnel in the Minimum Standards office has been delegated to the Director.
The foregoing opinion which I hereby approve, was prepared by Assistant Attorney General Bill Luppen.